## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| ETIEN HURTADO,<br><br>                              Plaintiff,<br><br>          v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., CARMAX BUSINESS SERVICES, LLC,<br><br>                              Defendants. | **Civil Action No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Etien Hurtado ("Plaintiff"), by and through the undersigned counsel, hereby submits his Complaint and Demand for Jury Trial ("Complaint") against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union," collectively with Experian, the "CRA Defendants"), and CarMax Business Services, LLC ("CarMax") (all collectively, the "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

1.      Jurisdiction of this court arises under 28 U.S.C. § 1331 as Plaintiff alleges violations of federal laws: 15 U.S.C. § 1681 *et seq*.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this

District.

3.     Defendants transact business in this District; Defendants purposefully avail themselves of the protections of this District; and Defendants regularly direct business at this District, such that personal jurisdiction is established.

## PARTIES

4.     Plaintiff Etien Hurtado is a natural person who resides in Lehigh Acres, Florida, within the confines of Lee County, Florida. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

5.     Defendant Experian is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f). Experian is incorporated in Ohio, and it maintains its principal place of business, and is registered to accept service at 475 Anton Boulevard, Costa Mesa, California 92626.

6.     Defendant Trans Union is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f). Trans Union is incorporated in Delaware, and its principal place of business is located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Trans Union is registered to accept service through Prentice-Hall Corporation located at 801 Adlai Stevenson Drive, Springfield, Illinois 36106.

7.     Defendant CarMax is a "person" as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher" as that term is used by the FCRA. CarMax is incorporated in Delaware, and its principal place of business is located at 12800 Tuckahoe Creek

Parkway, Richmond, Virginia 23238. CarMax is registered to accept service through Corporation Service Company located at 251 Little Falls Drive, Wilmington, DE 19808.

8.      At all times relevant to this Complaint, Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

10.     In 2020, Plaintiff identified that certain information being reported in his credit reports was inaccurate and set out to correct the inaccuracies in question.

11.     One of the inaccuracies addressed by Plaintiff in late 2020 was a CarMax tradeline (Account No. 2390XXXXX) (the "CarMax Account").

12.     At the time, Plaintiff entered into a settlement agreement with CarMax where CarMax agreed to, among other things, send deletion notices to the three major credit bureaus, non-party Equifax, Experian, and Trans Union.

13.     While the process of getting CarMax to agree to correct its reporting was cumbersome, Plaintiff was extremely happy to put the matter behind him and move forward with his life.

14.     Just over a year later, in early 2022, Plaintiff and his significant other

had interest in purchasing a home. Accordingly, the couple each pulled their credit reports to ascertain their overall credit worthiness.

15.     On or about March 15, 2022, Plaintiff obtained copies of his credit reports from non-party Equifax, Experian, and Trans Union.

16.     Plaintiff was distraught to learn that despite his agreement with CarMax in late 2020, CarMax continued to furnish inaccurate information about the CarMax Account to the CRA Defendants.

17.     Specifically, furnishing **any** information about the CarMax Account was inaccurate, pursuant to the terms of the parties' settlement agreement.

18.     However, the reporting by the CRA Defendants was particularly harmful.

19.     Specifically, both Experian and Trans Union were reporting the CarMax Account as "charged off."

20.     Upon information and belief, the existence of a "charged off" tradeline in a consumer's credit report is extremely harmful to the consumer's credit score(s) and overall creditworthiness.

21.     Bewilderingly, Experian's reporting was particularly harmful, as the payment history being reported by Experian indicated "CO" for every month since the settlement agreement was signed in December 2020.

22.     Experian was also reporting a past due amount of $13,592, despite the

settlement agreement eliminating this debt entirely.

23.    Notably, non-party Equifax had removed all references to the CarMax Account from Plaintiff's Equifax credit report.

24.    Regardless, Plaintiff expected that removing this flagrantly inaccurate information from his Experian and Trans Union credit reports would be straightforward, as he still had copies of the settlement agreement he had entered into with CarMax and was generally aware of the process by which consumers can dispute inaccurate information.

25.    Accordingly, on or about March 22, 2022, Plaintiff submitted disputes to Experian and Trans Union.

26.    Plaintiff's dispute(s) to each of the CRA Defendants included a redacted copy of Plaintiff's settlement agreement with CarMax, which detailed in full that CarMax had agreed to request the information be deleted from Plaintiff's credit reports.

27.    Plaintiff's dispute(s) to each of the CRA Defendants included a letter which detailed that the CarMax Account was inaccurate and should be removed from his credit report.

28.    Moreover, Plaintiff had skepticism that either of the CRA Defendants could rely on the word of CarMax in reinvestigating this matter. After all, CarMax had already made a mistake in 2020 in furnishing inaccurate information in the first

place, and again when it failed to delete the inaccurate information.

29.     Therefore, in Plaintiff's letter(s) to of the CRA Defendants, he implored each: "I would like to mention that the furnishers do not provide accurate information; as a result, they are not a trustworthy and reliable source to rely on."

30.     In short, Plaintiff provided ample information for CarMax to be able to quickly identify that the information it was furnishing to each of the CRA Defendants was inaccurate and should be deleted, and ample information for the CRA Defendants to come to this conclusion independently via their own reinvestigations.

31.     Upon information and belief, both of the CRA Defendants forwarded Plaintiff's dispute(s) and accompanying documentation to CarMax, as required by federal law.

32.     Thereafter, Plaintiff continued to work on improving his overall credit profile, maintaining his ultimate goal of eventually buying a home.

33.     In or around August 2022, Plaintiff obtained updated copies of his credit reports to determine if the CRA Defendants had deleted the CarMax Account from his credit reports.

34.     Plaintiff was devastated to learn that despite his dispute(s), both Experian and Trans Union continued to report the CarMax Account.

35.     Moreover, as of August 2022, Trans Union was now reporting a past

due amount each month of $13,592, the same as Experian.

36.     Upon information and belief, CarMax failed to reasonably reinvestigate Plaintiff's dispute(s).

37.     Upon information and belief, CarMax either did not reinvestigate Plaintiff's dispute(s) at all, or simply confirmed what it was already reporting was accurate without reviewing the substance of Plaintiff's dispute(s).

38.     Despite ample reason to doubt the information provided by CarMax, both of the CRA Defendants continued to erroneously report the CarMax Account in Plaintiff's credit file(s) and/or consumer report(s).

39.     Therefore, upon information and belief, both of the CRA Defendants failed to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information each reported in Plaintiff's consumer reports and consumer information each sold to third parties as required by the FCRA.

40.     Upon information and belief, both of the CRA Defendants failed to maintain reasonable procedures to suppress inaccurate information furnished by CarMax, despite being on notice that the information was inaccurate.

41.     Upon information and belief, both of the CRA Defendants failed to reasonably reinvestigate Plaintiff's dispute(s). Instead, both of the CRA Defendants mindlessly parroted the inaccurate information being provided by CarMax without evaluating the substance of Plaintiff's dispute(s) or failed to conduct any

reinvestigation at all.

42.    Plaintiff has been extremely frustrated by his inability to correct the inaccurate furnishing of information by CarMax and/or the inaccurate consumer reporting by the CRA Defendants. Plaintiff has expended a substantial amount of time and effort in correcting this matter, all to no avail.

43.    Plaintiff lives with his three (3) children, his long-term girlfriend, and his girlfriend's parents. Plaintiff and his girlfriend desperately want to move out, but are unable to do so because they know they will not be approved for a mortgage with Plaintiff's credit in shambles as it is now.

44.    Plaintiff does not feel at home in his own home, and his girlfriend's parents have made clear they expect Plaintiff and his girlfriend to move out as soon as possible, adding undue stress.

45.    Plaintiff has experienced substantial stress and emotional distress as a result of the CarMax Account and the harms it has caused his credit. Plaintiff is frequently worried, and spends so much time obsessing over the CarMax Account and the harms befallen his credit that he often gives himself severe headaches.

46.    Plaintiff has sustained many sleepless nights, unable to shut his mind off due to his constant stress and worries.

47.    Plaintiff has experienced stress eating as a coping mechanism, and over the last year has gained over twenty (20) pounds.

48.    In short, the circumstances harming Plaintiff related to his credit at the hands of the Defendants has been on Plaintiff's mind nearly all day every day for months.

49.    As a direct result of the Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to: stress, anxiety, mental anguish, sleepless nights, emotional distress, a substantial amount of wasted time, weight gain, decreased creditworthiness, dissuasion from seeking credit opportunities, and other damages continuing in nature.

**COUNT I**
**Experian's Violations of 15 U.S.C. § 1681e(b)**

50.    Plaintiff incorporates by reference paragraphs 1-5, 8-34, and 38-49, of this Complaint as though fully stated herein.

51.    The FCRA requires consumer reporting agencies, like Experian, to maintain reasonable procedures to ensure they compile and disburse consumer credit information with maximal accuracy. 15 U.S.C. § 1681e(b).

52.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation, maintenance, and dissemination of Plaintiff's consumer report(s).

53.    Upon information and belief, Experian has been sued by other consumers in the past who have alleged its procedures were unreasonable and violative of the FCRA.

54.     Therefore, Experian had actual notice of its deficient procedures.

55.     In this case, however, Experian received actual notice that its procedures were unreasonable as applied to Plaintiff.

56.     It is wholly unreasonable to maintain procedures that allow a consumer reporting agency to continue to report a consumer's consumer information in the face of evidence that such information is inaccurate.

57.     Specifically, it was wholly unreasonable for Experian to report the CarMax Account in Plaintiff's credit file(s) and/or consumer report(s) despite Plaintiff providing Experian with information which demonstrated that CarMax should have sent Experian a deletion request.

58.     As a result of Experian's failures to maintain reasonable procedures to ensure maximal accuracy of Plaintiff's consumer information, Plaintiff has suffered statutory and actual damages as detailed herein.

59.     Experian's violations of 15 U.S.C. § 1681e(b) were willful. Therefore, Experian is liable to Plaintiff for actual, statutory, and punitive damages in amounts to be determined at trial. 15 U.S.C. § 1681n.

60.     Alternatively, Experian's violations of 15 U.S.C. § 1681e(b) were negligent. Therefore, Experian is liable to Plaintiff for statutory and actual damages in amounts to be determined at trial. 15 U.S.C. § 1681o.

61.     In any event, Experian is liable for Plaintiff's reasonable attorney's fees

and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

## COUNT II
### Trans Union's Violations of 15 U.S.C. § 1681e(b)

62.    Plaintiff incorporates by reference paragraphs 1-4, 6, 8-20, 23-35, and 38-49, of this Complaint as though fully stated herein.

63.    The FCRA requires consumer reporting agencies, like Trans Union, to maintain reasonable procedures to ensure they compile and disburse consumer credit information with maximal accuracy. 15 U.S.C. § 1681e(b).

64.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation, maintenance, and dissemination of Plaintiff's consumer report(s).

65.    Upon information and belief, Trans Union has been sued by other consumers in the past who have alleged its procedures were unreasonable and violative of the FCRA.

66.    Therefore, Trans Union had actual notice of its deficient procedures.

67.    In this case, however, Trans Union received actual notice that its procedures were unreasonable as applied to Plaintiff.

68.    It is wholly unreasonable to maintain procedures that allow a consumer reporting agency to continue to report a consumer's consumer information in the face of evidence that such information is inaccurate.

69.    Specifically, it was wholly unreasonable for Trans Union to report the

CarMax Account in Plaintiff's credit file(s) and/or consumer report(s) despite Plaintiff providing Trans Union with information which demonstrated that CarMax should have sent Trans Union a deletion request.

70.    As a result of Trans Union's failures to maintain reasonable procedures to ensure maximal accuracy of Plaintiff's consumer information, Plaintiff has suffered statutory and actual damages as detailed herein.

71.    Trans Union's violations of 15 U.S.C. § 1681e(b) were willful. Therefore, Trans Union is liable to Plaintiff for actual, statutory, and punitive damages in amounts to be determined at trial. 15 U.S.C. § 1681n.

72.    Alternatively, Trans Union's violations of 15 U.S.C. § 1681e(b) were negligent. Therefore, Trans Union is liable to Plaintiff for statutory and actual damages in amounts to be determined at trial. 15 U.S.C. § 1681o.

73.    In any event, Trans Union is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

## COUNT III
### Experian's Violations of 15 U.S.C. § 1681i

74.    Plaintiff incorporates by reference paragraphs 1-5, 8-34, and 38-49, of this Complaint as though fully stated herein.

75.    Under the FCRA, when a consumer reporting agency receives a dispute from a consumer that indicates an item of information in their credit file is inaccurate or incomplete, the consumer reporting agency is required to: conduct a reasonable

investigation of the disputed information and forward the dispute to the furnisher within five days of its receipt. 15 U.S.C. § 1681i.

76.    Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the information disputed by Plaintiff was inaccurate.

77.    Experian violated 15 U.S.C. § 1681i(a)(1) by failing to record the current status of the disputed information or delete the item from Plaintiff's credit report.

78.    Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file upon reinvestigation of Plaintiff's dispute(s).

79.    Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly correct the disputed inaccurate information in Plaintiff's credit file upon reinvestigation of Plaintiff's dispute(s).

80.    As a result of Experian's violations of 15 U.S.C. § 1681i, Plaintiff has suffered statutory and actual damages as detailed herein.

81.    Upon information and belief, Experian knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, promulgations made by the Federal Trade Commission (FTC) and Consumer Financial Protection Bureau (CFPB), and in well-established

case law.

82.     Therefore, Experian acted consciously in failing to adhere to its obligations under the FCRA.

83.     Experian's violations of 15 U.S.C. § 1681i were willful. Therefore, Experian is liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined at trial. 15 U.S.C. § 1681n.

84.     Alternatively, Experian's violations of 15 U.S.C. § 1681i were negligent. Therefore, Experian is liable to Plaintiff for statutory and actual damages in an amount to be determined at trial. 15 U.S.C. § 1681o.

85.     In any event, Experian is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

## COUNT IV
### Trans Union's Violations of 15 U.S.C. § 1681i

86.     Plaintiff incorporates by reference paragraphs 1-4, 6, 8-20, 23-35, 38-49, of this Complaint as though fully stated herein.

87.     Under the FCRA, when a consumer reporting agency receives a dispute from a consumer that indicates an item of information in their credit file is inaccurate or incomplete, the consumer reporting agency is required to: conduct a reasonable investigation of the disputed information and forward the dispute to the furnisher within five days of its receipt. 15 U.S.C. § 1681i.

88.     Trans Union violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a

reasonable reinvestigation to determine whether the information disputed by Plaintiff was inaccurate.

89.    Trans Union violated 15 U.S.C. § 1681i(a)(1) by failing to record the current status of the disputed information or delete the item from Plaintiff's credit report.

90.    Trans Union violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file upon reinvestigation of Plaintiff's dispute(s).

91.    Trans Union violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly correct the disputed inaccurate information in Plaintiff's credit file upon reinvestigation of Plaintiff's dispute(s).

92.    As a result of Trans Union's violations of 15 U.S.C. § 1681i, Plaintiff has suffered statutory and actual damages as detailed herein.

93.    Upon information and belief, Trans Union knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, promulgations made by the Federal Trade Commission (FTC) and Consumer Financial Protection Bureau (CFPB), and in well-established case law.

94.    Therefore, Trans Union acted consciously in failing to adhere to its obligations under the FCRA.

95.    Trans Union's violations of 15 U.S.C. § 1681i were willful. Therefore, Trans Union is liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined at trial. 15 U.S.C. § 1681n.

96.    Alternatively, Trans Union's violations of 15 U.S.C. § 1681i were negligent. Therefore, Trans Union is liable to Plaintiff for statutory and actual damages in an amount to be determined at trial. 15 U.S.C. § 1681o.

97.    In any event, Trans Union is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

## <u>COUNT V</u>
### CarMax's Violations of 15 U.S.C. § 1681s-2(b)

98.    Plaintiff incorporates by reference paragraphs 1-4, 7-20, 23-24, 31-34, 36-37, 42-49 of this Complaint as though fully stated herein.

99.    At all times pertinent hereto, CarMax was a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" providing information about Plaintiff to the three major credit reporting agencies, including the CRA Defendants.

100.   CarMax has a duty to provide accurate information to consumer reporting agencies. See 15 U.S.C. § 1681s-2(a).

101.   CarMax has a duty to promptly correct inaccurate information after receiving notice of a consumer's credit dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(a).

102. CarMax also has an obligation under 15 U.S.C. § 1681s-2(b) to: conduct an investigation after a consumer reporting agency notifies it that a consumer disputed the accuracy of the information it furnished; review all relevant information during its investigation of the dispute; report the results of the investigation to the relevant consumer reporting agency; and if the investigation reveals that the furnished information was incomplete or inaccurate, notify every consumer reporting agency that received the deficient information of the investigation results.

103. If the investigation reveals the disputed information is incomplete, inaccurate, or unverifiable, it must be modified, deleted, or permanently blocked. 15 U.S.C. § 1681 s-2(b)(1)(E).

104. Upon information and belief, one or more of the CRA Defendants forwarded Plaintiff's disputes to CarMax in or around March 2022.

105. Upon information and belief, by example only and without limitation, CarMax violated 15 U.S.C. § 1681 s-2(b)(1)(E) when it failed to delete and permanently block the CarMax Account from being reported to the CRA Defendants.

106. Upon information and belief, by example only and without limitation, CarMax violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes after being notified of their existence by one or more

of the CRA Defendants.

107.   Upon information and belief, by example only and without limitation, CarMax failed to review all relevant information while investigating Plaintiff's disputes, in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

108.   Upon information and belief, CarMax's actions in the instant matter are representative of its normal policies and procedures.

109.   Upon information and belief, CarMax's regular procedures only require them to complete a cursory review of consumer disputes, regardless of their content, magnitude, or frequency.

110.   Upon information and belief, CarMax's procedures only require it to respond to disputes with basic consumer information without conducting a reasonable investigation of the disputed information.

111.   In sum, CarMax's conduct violated § 1681s-2(b) of the FCRA.

112.   Upon information and belief, CarMax knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, promulgations made by the Federal Trade Commission (FTC) and Consumer Financial Protection Bureau (CFPB), and in well-established case law.

113.   Therefore, CarMax acted consciously in failing to adhere to its obligations under the FCRA.

114.   CarMax willfully and/or negligently violated the foregoing provisions of the FCRA in the following manner:

a.   By willfully and/or negligently failing to conduct an investigation of the inaccurate information that the Plaintiff disputed;

b.   By willfully and/or negligently failing to review all relevant information concerning whether Plaintiff was deceased;

c.   By willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies;

d.   By willfully and/or negligently failing to modify or delete incomplete or inaccurate information in Plaintiff's file after conducting an investigation;

e.   By willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation;

f.   By willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies; and

g.   By willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

115.   CarMax's violations of 15 U.S.C. § 1681s-2(b) were willful. Therefore, CarMax is liable to Plaintiff for actual, statutory, and punitive damages in amounts to be determined at trial. 15 U.S.C. § 1681n.

116.   Alternatively, CarMax's violations of 15 U.S.C. § 1681s-2(b) were negligent. Therefore, CarMax is liable to Plaintiff for statutory and actual damages in amounts to be determined at trial. 15 U.S.C. § 1681o.

117.   In any event, CarMax is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

19

## **TRIAL BY JURY**

118.    Plaintiff is entitled to and hereby demands a trial by jury on all issues

so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Etien Hurtado, respectfully requests judgment be

entered against Defendants, for the following:

A.  Actual damages pursuant to 15 U.S.C. §§ 1681o and/or 1681n;
B.  Statutory damages pursuant to 15 U.S.C. §§ 1681o and/or 1681n;
C.  Punitive damages pursuant to 15 U.S.C. § 1681n;
D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681o and/or 1681n; and
E.  All pre-judgment and post-judgment interest as may be allowed under the law; and
F.  Any other and further relief as the Court may deem just and proper.

Respectfully submitted this 13th day of September 2022,

**THE CONSUMER JUSTICE LAW FIRM**

*/s/ Yosef Steinmetz*
Yosef Steinmetz, Bar No. 119968
8245 N. 85th Way
Scottsdale, AZ 85258
T: (305) 330-3750
E: ysteinmetz@cjl.law

*Attorney for Plaintiff Etien Hurtado*